MEUERS LAW FIRM, PL
Steven E. Nurenberg, Esq. (SN1208)
5395 Park Central Court
Naples, FL  34109-5932
Telephone: (239) 513-9191
Facsimile: (239)513-9677
snurenberg@meuerslawfirm.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILI OCHOA, INC., | Case No: |
| Plaintiff, | CIVIL ACTION COMPLAINT |
| vs. | |
| CUBA TROPICAL INC., FALCON INTERNATIONAL DISTRIBUTORS, LLC,  RICARDO DUARTE, OMAR DUARTE, ILEANA DUARTE, and ROSALBA DUARTE, | |
| Defendants. | |

For its Complaint, Plaintiff states:

<u>THE PARTIES</u>

1.      Plaintiff is Lili Ochoa, Inc., a Florida corporation with its principal

place of business located at 1802 S.W. 62nd Place, Miami, Florida.

2.      Plaintiff's business consists of selling wholesale quantities of perishable

agricultural commodities ("Produce") in interstate commerce.

3.      Defendants are:

a)      Cuba Tropical Inc., a New York Corporation with its principal

place of business located at Bathgate Industrial Park, 455 Claremont Parkway, Bronx, New York.  Cuba Tropical is a dealer and commission merchant subject to the Perishable Agricultural Commodities Act, 1930 ("PACA").[1]

b)  Ricardo Duarte, who resides in Palisades Park, New Jersey. Ricardo is the President of the Cuba Tropical.  In that capacity, Ricardo controlled or was in a position to control the assets of Cuba Tropical.

c)  Omar Duarte, who resides in Norwood, New Jersey.  Omar is the Vice-President of Cuba Tropical.  In that capacity, Omar controlled or was in a position to control the assets of the Cuba Tropical.

d)  Falcon International Distributors LLC, ("Falcon International"), a New Jersey limited liability company whose principal place of business is located at 2 Colony Road, Jersey City, New Jersey.

e)  Ileana Duarte, who resides in Norwood, New Jersey.

f)  Rosalba Duarte who resides in Palisades Park, New Jersey.

4.  Cuba Tropical, Falcon International, Ricardo, Rosalba, Omar, and Ileana will be referred to as "Defendants."

---

[1] 7 U.S.C. §§499a-499t.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under 7 U.S.C. §499e(c)(4).   28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Plaintiff's other claims.

6.     A substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here.  Venue in this District is therefore proper under 28 U.S.C. §1391(b).

## CLAIMS FOR RELIEF

### COUNT I:   CUBA TROPICAL

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. § §499e(c)(3) and (4)*

7.     Lili Ochoa re-alleges ¶¶1 through 6.

8.     Cuba Tropical is a commission merchant, dealer, or broker subject to PACA.

9.     Between June 11 and August 16, 2010, Lili Ochoa sold to Cuba Tropical in interstate commerce, and Cuba Tropical purchased, Produce in the total amount of $11,804.00.  Copies of the invoices and a summary of those invoices are attached as Exhibit "A."

10.     Lili Ochoa delivered the Produce to Cuba Tropical, who accepted it.

11.     Pursuant to PACA,[2] at the time Cuba Tropical received the Produce, it became trustee of the PACA trust for the benefit of Plaintiff in the amount of

---

[2] 7 U.S.C. §499e(c)

$11,804.00.

12.    The *res* of the PACA trust includes Cuba Tropical's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable, proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds.  Assets subject to the PACA trust are hereinafter referred to as "PACA Trust Assets."

13.    At the time of the sales underlying this lawsuit, Lili Ochoa held valid PACA license number 19950004 issued by the United States Department of Agriculture.

14.    Lili Ochoa gave written notice of its intent to preserve trust benefits to Cuba Tropical by including the statutory language required by 7 U.S.C. §499e(c)(4) on each of its invoices, and by sending those invoices to Cuba Tropical.

15.    Cuba Tropical failed to pay for the Produce sold to it by Lili Ochoa.

16.    Pursuant to 7 U.S.C. §499e(c), Lili Ochoa is an unpaid supplier and seller of Produce who is entitled to PACA trust protection and payment from Cuba Tropical' PACA Trust Assets.

17.    Lili Ochoa seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $11,804.00 against Cuba Tropical, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II:  CUBA TROPICAL

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)(5)*

18.     Lili Ochoa re-alleges ¶¶1 through 17.

19.     Cuba Tropical is in possession, custody, and control of PACA Trust Assets that must be held for the benefit of Lili Ochoa.

20.     Cuba Tropical failed to use the PACA Trust Assets to pay Lili Ochoa for the sales of Produce described in ¶9.

21.     As a result, Lili Ochoa has suffered damages in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

22.     Lili Ochoa seeks an Order directing Cuba Tropical to immediately pay to Lili Ochoa, as a beneficiary of the PACA trust, PACA Trust Assets equal to the sum of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III: CUBA TROPICAL

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

23.     Plaintiff re-alleges ¶¶1 through 22.

24.     Cuba Tropical received the shipments of Produce described in ¶9.

25.     Lili Ochoa preserved its trust rights pursuant to 7 U.S.C. §499e(c)(4).

26.     PACA requires Cuba Tropical, as a PACA trustee, to hold the PACA

Trust Assets in trust for the benefit of Lili Ochoa and all other unpaid suppliers of Produce (if any exist), until all have been paid in full.

27.     Cuba Tropical failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including the claim of Lili Ochoa asserted in this lawsuit.

28.     As a result of Cuba Tropical's failure to maintain and protect the PACA Trust Assets from dissipation, Lili Ochoa has suffered damages in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

29.     Lili Ochoa seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Cuba Tropical to maintain PACA Trust Assets in the amount of $11,804.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Cuba Tropical to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Cuba Tropical from dissipating PACA Trust Assets.

### COUNT IV: CUBA TROPICAL

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

30.     Plaintiff re-alleges ¶¶1 through 29.

31.     Cuba Tropical received each of the shipments of Produce described in

¶9 above.

32.     PACA requires Cuba Tropical to tender full payment promptly to its unpaid suppliers of Produce.[3]

33.     Cuba Tropical failed to pay for the Produce supplied by Lili Ochoa within the payment terms.

34.     As a result of Cuba Tropical's failure to pay promptly, Lili Ochoa has incurred damages in the amount of $11,804.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

35.     Lili Ochoa seeks an Order directing Cuba Tropical to immediately pay Lili Ochoa the sum of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V:  CUBA TROPICAL

### BREACH OF CONTRACT

36.     Lili Ochoa re-alleges ¶¶1 through 35.

37.     As described in ¶9, Lili Ochoa entered into contracts with Cuba Tropical for the purchase and sale of Produce.

38.     Cuba Tropical breached those contracts by failing to pay for the Produce received.

39.     As a result of Cuba Tropical's breach of contract, Lili Ochoa has incurred damages in the amount of $11,804.00, plus interest from the date each

---

[3] 7 C.F.R. §46.2(aa).

invoice became past due, costs, and attorneys' fees.

40.   Lili Ochoa seeks entry of a judgment in its favor and against Cuba Tropical in the amount of $11,804.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

COUNT VI: RICARDO AND OMAR

BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

41.   Lili Ochoa re-alleges ¶¶1 through 40.

42.   Ricardo and Omar are the President and Vice-President of Cuba Tropical.

43.   Ricardo and Omar had full knowledge and responsibility for Cuba Tropical's operations and financial dealings, and to ensure that Cuba Tropical fulfilled its duties as trustee of the PACA trust.

44.   Ricardo and Omar each had a duty to ensure that Cuba Tropical maintained enough PACA Trust Assets to pay all PACA trust beneficiaries as those amounts became due.

45.   Cuba Tropical breached its fiduciary duty to maintain the PACA Trust.

46.   Ricardo and Omar breached their respective fiduciary duties by failing to ensure that Cuba Tropical fulfilled its duties as PACA trustee.

47.   As a direct result of the breaches of fiduciary duty by Ricardo and Omar, Lili Ochoa has incurred damage in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

48.     Lili Ochoa seeks entry of a judgment in favor of Lili Ochoa and against Ricardo and Omar – jointly and severally -- in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Lili Ochoa receives from the PACA Trust Assets.

**COUNT VII:  RICARDO, ROSALBA, OMAR AND ILEANA**

**CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS**

49.     Lili Ochoa re-alleges ¶¶1 through 48.

50.     Cuba Tropical is a New York Corporation whose sole officers and shareholders are Ricardo and Omar.

51.     Lili Ochoa believes that PACA Trust Assets were transferred by Cuba Tropical to Ricardo and Omar, and to their respective wives, Roslba and Ileana.

52.     Any such transfers of PACA Trust Assets by Cuba Tropical to Ricardo, Rosalba, Omar, and Ileana are a breach of the PACA trust.

53.     Ricardo, Rosalba, Omar, and Ileana must hold any PACA Trust Assets having come into their possession as trustees for the benefit of Lili Ochoa.

54.     Because Ricardo, Rosalba, Omar, and Ileana each received and retained PACA Trust Assets from Cuba Tropical, Lili Ochoa has been damaged in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies it receives from the PACA Trust Assets.

55.     Lili Ochoa seeks entry of an Order directing Ricardo, Rosalba, Omar and Ileana to disgorge any PACA Trust Assets in their possession or control to Lili

Ochoa to the extent of $11,804.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII: RICARDO AND ROSALBA

### IMPOSITION OF CONSTRUCTIVE TRUST
*7 Ackerman Place, Palisades Park, New Jersey 07650-1301*

56.    Lili Ochoa re-alleges ¶¶1 through 55.

57.    Upon information and belief, Ricardo and Rosalba used PACA trust assets for the acquisition, maintenance and improvement of the real property located at 7 Ackerman Place, Palisades Park, New Jersey ("The Ackerman Place Property"), resulting in The Ackerman Place Property becoming a PACA trust asset.

58.    Ricardo and Rosalba benefited themselves utilizing PACA trust assets, and as such, hold said assets in constructive trust as trustees for the benefit of Lili Ochoa.

59.    Accordingly, Lili Ochoa seeks entry of an order declaring that Ricardo and Rosalba hold, in constructive trust as trustees for the benefit of Lili Ochoa, such amounts as were transferred in connection with the acquisition, maintenance and improvement of The Ackerman Place Property, according to proof, as well as an Order directing Ricardo and Rosalba to disgorge and transfer any and all such amounts to Lili Ochoa, imposing a constructive trust on The Ackerman Place Property, and in the alternative, entering judgment against Ricardo and Rosalba --

jointly and severally - in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT IX: RICARDO AND ROSALBA

### IMPOSITION OF CONSTRUCTIVE TRUST
*62 Clifton Terrace, Unit 64, Weehawken, New Jersey 07650-1301*

60.     Lili Ochoa re-alleges ¶¶1 through 59.

61.     Upon information and belief, Ricardo and Rosalba used PACA trust assets for the acquisition, maintenance and improvement of the real property located at 62 Clifton Terrace, Unit 64, Weehawken, New Jersey ("The Clifton Terrace Property"), resulting in The Clifton Terrace Property becoming a PACA trust asset.

62.     Ricardo and Rosalba benefited themselves utilizing PACA trust assets, and as such, hold said assets in constructive trust as trustee for the benefit of Lili Ochoa.

63.     Accordingly, Lili Ochoa seeks entry of an order declaring that Ricardo and Rosalba hold, in constructive trust as trustees for the benefit of Lili Ochoa, such amounts as were transferred in connection with the acquisition, maintenance and improvement of The Clifton Terrace Property, according to proof, as well as an Order directing Ricardo and Rosalba to disgorge and transfer any and all such amounts to Lili Ochoa, imposing a constructive trust on The Clifton Terrace Property, and in the alternative, entering judgment against Ricardo and Rosalba -- jointly and severally - in the amount of $11,804.00, plus interest from the date each

invoice became past due, costs and attorneys' fees.

## COUNT X: OMAR AND ILEANA

### IMPOSITION OF CONSTRUCTIVE TRUST
*237 Wood Turtle Run, Palisades Park, New Jersey 07648*

64.     Lili Ochoa re-alleges ¶¶1 through 63.

65.     Upon information and belief, Omar and Ileana used PACA trust assets for the acquisition, maintenance and improvement of the real property located at 237 Wood Turtle Run, Palisades Park, New Jersey ("The Wood Turtle Run Property"), resulting in The Wood Turtle Run Property becoming a PACA trust asset.

66.     Omar and Ileana benefited themselves utilizing PACA trust assets, and as such, hold said assets in constructive trust as trustees for the benefit of Lili Ochoa.

67.     Accordingly, Lili Ochoa seeks entry of an order declaring that Omar and Ileana hold, in constructive trust as trustees for the benefit of Lili Ochoa, such amounts as were transferred in connection with the acquisition, maintenance and improvement of The Wood Turtle Run Property, according to proof, as well as an Order directing Omar and Ileana to disgorge and transfer any and all such amounts to Lili Ochoa, imposing a constructive trust on The Wood Turtle Run Property, and in the alternative, entering judgment against Omar and Ileana -- jointly and severally - in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT XI: FALCON INTERNATIONAL

### CONVERSION AND UNLAWFUL
### RETENTION OF PACA TRUST ASSETS

68.    Lili Ochoa re-alleges ¶¶1 through 67.

69.    Falcon International is a New Jersey limited liability corporation whose members include Ricardo and Omar.

70.    All assets of Cuba Tropical are presumptively PACA Trust Assets, and rightfully belong to Plaintiff and similarly situated PACA trust beneficiaries of Cuba Tropical.

71.    Upon information and belief, Falcon International directly or indirectly received assets subject to the PACA trust.

72.    Falcon International's receipt and possession of PACA Trust Assets rightfully belonging to Plaintiff and other PACA trust beneficiaries is a violation of PACA, and a breach of the PACA trust.

73.    Falcon International has received PACA Trust Assets subject to Plaintiff's PACA trust claims not for value or with actual or constructive knowledge of Plaintiff's PACA trust rights, despite any security interest Falcon International may have been granted in these assets.

74.    Falcon International's receipt of assets impressed with Plaintiff's PACA trust *res* has resulted in damages to Plaintiff in an amount up to $11,804.00, as described in ¶9, less any PACA Trust Assets Plaintiff recovers directly from Cuba

Tropical and the Principals.

75.     Plaintiff seeks an Order declaring all assets of Cuba Tropical to be impressed with the PACA trust and directing payment from Falcon International in an amount totaling all of the assets it received that were impressed with Plaintiff's PACA trust, plus interest, costs, and attorneys' fees upon proof, less any recovery of PACA Trust Assets from Cuba Tropical and the Principals.

## COUNT XII: FALCON INTERNATIONAL

### CONSTRUCTIVE TRUST

76.     Lili Ochoa re-alleges ¶¶1 through 75.

77.     Upon information and belief, Cuba Tropical transferred PACA Trust Assets which were being held by Cuba Tropical for the beneficial interest of Plaintiff to Falcon International.

78.     Falcon International benefited itself utilizing PACA Trust Assets, and as such, holds said assets in constructive trust as trustees for the benefit of Plaintiff herein.

79.     Accordingly, Plaintiff seeks entry of an order declaring that Falcon International holds, in constructive trust as trustees for the benefit of Plaintiff, such amounts as were transferred from Cuba Tropical to Falcon International, as well as an Order directing Falcon International to disgorge and transfer any and all such amounts to Plaintiff, and in the alternative, entering Final Judgment against Falcon International in the amount of $11,804.00, plus interest from the date each invoice

became past due, costs and attorneys' fees.

FOR THESE REASONS, Lili Ochoa requests:

A.      On Count I, an Order declaring that Lili Ochoa holds a valid PACA trust claim in the amount of $11,804.00 against Cuba Tropical, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees.

B.      On Count II, an Order directing Cuba Tropical to immediately pay to Lili Ochoa PACA Trust Assets equal to the sum of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

C.      On Count III, creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Cuba Tropical to maintain PACA Trust Assets in the amount of $11,804.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Cuba Tropical to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Cuba Tropical from dissipating PACA Trust Assets.

D.      On Count IV, an Order directing Cuba Tropical to immediately pay Lili Ochoa the sum of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

E.      On Counts I through V, entry of Final Judgment against Cuba Tropical, in the amount of $11,804.00, plus interest from the date each invoice became past

due, costs and attorneys' fees;

      F.      On Count VI, entry of a Final Judgment against Ricardo and Omar – jointly and severally -- in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Lili Ochoa receives from the PACA Trust Assets;

      G.      On Count VII, an Order directing Ricardo, Rosalba, Omar and Ileana to disgorge any PACA Trust Assets in their possession or control to Lili Ochoa to the extent of $11,804.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Lili Ochoa receives from the PACA Trust Assets;

      H.      On Count VIII, an Order declaring that Ricardo and Rosalba hold, in constructive trust as trustees for the benefit of Lili Ochoa, such amounts as were transferred in connection with the acquisition, maintenance and improvement of The Ackerman Place Property, according to proof, as well as an Order directing Ricardo and Rosalba to disgorge and transfer any and all such amounts to Lili Ochoa, imposing a constructive trust on The Ackerman Place Property, and in the alternative, entering judgment against Ricardo and Rosalba – jointly and severally - in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

      I.      On Count IX, an Order declaring that Ricardo and Rosalba hold, in constructive trust as trustees for the benefit of Lili Ochoa, such amounts as were

transferred in connection with the acquisition, maintenance and improvement of The Clifton Terrace Property, according to proof, as well as an Order directing Ricardo and Rosalba to disgorge and transfer any and all such amounts to Lili Ochoa, imposing a constructive trust on The Clifton Terrace Property, and in the alternative, entering judgment against Ricardo and Rosalba – jointly and severally - in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

J.     On Count X, an Order declaring that Omar and Ileana hold, in constructive trust as trustees for the benefit of Lili Ochoa, such amounts as were transferred in connection with the acquisition, maintenance and improvement of The Wood Turtle Run Property, according to proof, as well as an Order directing Omar and Ileana to disgorge and transfer any and all such amounts to Lili Ochoa, imposing a constructive trust on The Wood Turtle Run Property, and in the alternative, entering judgment against Omar and Ileana – jointly and severally - in the amount of $11,804.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

K.     On Count XI, declaring all assets of Cuba Tropical to be impressed with the PACA trust and directing payment from Falcon International in an amount totaling all of the assets it received that were impressed with Plaintiffs' PACA trust, plus interest, costs, and attorneys' fees upon proof, less any recovery of PACA Trust Assets from Cuba Tropical and the Principals.

L.     On Count XII, an Order directing Falcon International to disgorge any PACA Trust Assets in its possession or control to Lili Ochoa to the extent of $11,804.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Lili Ochoa receives from the PACA Trust Assets;

M.     Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on Wednesday, December 29, 2010.

MEUERS LAW FIRM, P.L.

Steven E. Nurenberg, Esq. (SN1208)
Florida Bar No. 0159484
5395 Park Central Court
Naples, FL  34109-5932
Telephone: (239) 513-9191
Facsimile: (239)513-9677
snurenberg@meuerslawfirm.com
*Attorneys for Plaintiff*

# Exhibit A

*Lili Ochoa, Inc.*
*vs.*
*Cuba Tropical Inc.*

TRUST CHART

| Invoice Number | Transaction Date | Invoice Date | Payment Due Date 10 Days | Invoice Amount | No. of Days Overdue 12/29/2010 | Accrued Interest* 18% | Trust Amount |
|---|---|---|---|---|---|---|---|
| 9809 | 6/11/2010 | 6/11/2010 | 6/21/2010 | $ 4,280.00 | 191 | $ 403.14 | $ 4,683.14 |
| 9872 | 7/16/2010 | 7/16/2010 | 7/26/2010 | $ 3,050.00 | 156 | $ 234.64 | $ 3,284.64 |
| 9921 | 8/13/2010 | 8/13/2010 | 8/23/2010 | $ 2,368.00 | 128 | $ 149.48 | $ 2,517.48 |
| 9918A | 8/16/2010 | 8/16/2010 | 8/26/2010 | $ 2,106.00 | 125 | $ 129.82 | $ 2,235.82 |
| Sub-Totals | | | | $ 11,804.00 | | $ 917.08 | $ 12,721.08 |

*+ Estimated Attorney Fees* $ 5,500.00

*=TOTAL CLAIM* $ 18,221.08

*\* Additional daily interest accruing from above date* $ 5.82

<u>*Buyer agrees to pay all collection and attorney fees*</u>



# Lili Ochoa, Inc.
Tropical Produce
1802 S.W. 62 Pl. · Miami, FL 33155
Tel.: (305) 264-7462 · Fax: (305) 264-5754 · Cell.: (786) 412-0600
e-mail: lilil@gate.net

Sold To:

CUBA TROPICAL, INC.
455 CLAREMONT PARKWAY
BRONX, N.Y.

| | |
|---|---|
| Invoice Number | |
| Invoice Date | 9921 |
| Shipped Via | 8/13/2010 |
| Date Shipped | |
| Terms Of Sale | 8/13/2010 |
| Price is | 21 DAYS |
| Destination | |
| | F.O.B |

| QUANTITY | COMMODITY DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 35 | SUGAR CANE | 14.00 | 490.00 |
| 8 | WATER COCONUT | 15.00 | 120.00 |
| 20 | MAMEY 25 LBS. | 45.00 | 900.00 |
| 10 | THAI GUAVA | 45.00 | 450.00 |
| 34 | SOUR ORANGE FL. | 12.00 | 408.00 |

$2,368.00

This Invoice is issued and accepted subject to the rules, regulations and definitions of terms as recognized and approved by the U.S. Secretary of Agriculture under The Perishable Agricultural Commodities Act. The absence of any immediately written protest against the invoice or any part of it will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

"The perishable agriculture commodities listed on this Invoice are sold subject to the Statutory Trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e & (c). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

No claims accepted unless supported by a USDA inspection within 24 hours from arrival.

All accounts are due and payable 21 days ship date. A finance charge of 1-1/2% per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. All reasonable legal fees to be paid by defendant in any court action.

Pick up and Delivered

By:_____ Date:_____ Received By: _____ Date:_____



*Lili Ochoa, Inc.*
Tropical Produce
1802 S.W. 62 Pl. · Miami, FL 33155
Tel.: (305) 264-7462 · Fax: (305) 264-5754 · Cell.: (786) 412-0600
e-mail: lilil@gate.net

Sold To:

CUBA TROPICAL, INC.
BRONX, N.Y.

| | |
|---|---|
| Invoice Number | 9809 |
| Invoice Date | 6/11/2010 |
| Shipped Via | |
| Date Shipped | 6/11/2010 |
| Terms Of Sale | 21 DAYS |
| Price is | F.O.B. |
| Destination | BRONX |

| QUANTITY | COMMODITY DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 50 | SUGAR CANE | 12.00 | 600.00 |
| 28 | MAMEY 25 LBS. | 50.00 | 1,400.00 |
| 5 | THAI GUAVA | 30.00 | 150.00 |
| 60 | BONIATO | 25.00 | 1,500.00 |
| 5 | GREEN PAPAYA | 22.00 | 110.00 |
| 10 | GREEN MANGO | 52.00 | 520.00 |
| | EVELIO | | |

$4,280.00

This Invoice is issued and accepted subject to the rules, regulations and definitions of terms as recognized and approved by the U.S. Secretary of Agriculture under The Perishable Agricultural Commodities Act. The absence of any immediately written protest against the invoice or any part of it will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

"The perishable agriculture commodities listed on this invoice are sold subject to the Statutory Trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e (c). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

No claims accepted unless supported by a USDA inspection within 24 hours from arrival.

All accounts are due and payable 110 days ship date. A finance charge of 1-1/2% per month (16% annual percentage rate) will be applied to previous balance of all past due accounts. All reasonable legal fees to be paid by defendant in any court action,

Pick up and delivered

By: _____ Date: _____ Received By: _____ Date: _____



## Lili Ochoa, Inc.

Tropical Produce
1802 S.W. 62 Pl. · Miami, FL 33155
Tel.: (305) 264-7462 · Fax: (305) 264-5754 · Cell.: (786) 412-0600
e-mail: lilil@gate.net

Sold To:

CUBA TROPICAL, INC.
BRONX, N.Y.

| Invoice Number | |
|---|---|
| Invoice Date | 9872 |
| Shipped Via | 7/16/2010 |
| Date Shipped | |
| Terms Of Sale | 7/16/2010 |
| Price is | 21 DAYS |
| Destination | F.O.B. |

| QUANTITY | COMMODITY DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 60 | BONIATO | 17.00 | 1,020.00 |
| 10 | THAI GUAVA | 50.00 | 500.00 |
| 20 | SUGAR CANE | 14.00 | 280.00 |
| 25 | MAMEY 25 LBS. | 50.00 | 1,250.00 |

$3,050.00

This invoice is issued and accepted subject to the rules, regulations and definitions of terms as recognized and approved by the U.S. Secretary of Agriculture under The Perishable Agricultural Commodities Act. The absence of any immediately written protest against the invoice or any part of it will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

The perishable agriculture commodities listed on this invoice are sold subject to the Statutory Trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e (c). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

No claims accepted unless supported by a USDA inspection within 24 hours from arrival.

All accounts are due and payable 21 days ship date. A finance charge of 1-1/2% per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. All reasonable legal fees to be paid by defendant in any court action.

### Pick up and Delivered

By:_____ Date:_____ Received By:_____ Date:_____

# Lili Ochoa, Inc.
### Tropical Produce
1802 S.W. 62 Pl. · Miami, FL 33155
Tel.: (305) 264-7462 · Fax: (305) 264-5754 · Cell.: (786) 412-0600
e-mail: lilil@gate.net

Sold To:

CUBA TROPICAL, INC.
455 CLAREMONT PARKWAY
BRONX, N.Y.

| | |
|---|---|
| Invoice Number | 0918 A |
| Invoice Date | 8/16/2010 |
| Shipped Via | |
| Date Shipped | 8/16/2010 |
| Terms Of Sale | 21 DAYS |
| Price is | F.O.B. |
| Destination | BRONX |

| QUANTITY | COMMODITY DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 35 | SUGAR CANE | 14.00 | 490.00 |
| 64 | SOUR ORANGE | 14.00 | 896.00 |
| 20 | NAME C.R. | 36.00 | 720.00 |

$2,106.00

This invoice is issued and accepted subject to the rules, regulations and definitions of terms as recognized and approved by the U.S. Secretary of Agriculture under The Perishable Agricultural Commodities Act. The absence of any immediately written protest against the invoice or any part of it will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

"The perishable agriculture commodities listed on this invoice are sold subject to the Statutory Trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499 e (c). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

No claims accepted unless supported by a USDA inspection within 24 hours from arrival.

All accounts are due and payable 20 days ship date. A finance charge of 1-1/2% per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. All reasonable legal fees to be paid by defendant in any court action.

Pick up and Delivered
By:_____ Date:_____        Received By:_____ Date:_____